STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ANNA NGUYEN (CABN 335873)
Special Assistant United States Attorney
MICHELLE J. KANE (CABN 210579)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    anna.nguyen@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 21-CR-00399 JST; 14-CR-00634 JST |
| Plaintiff, | |
| v. | UNITED STATES' SENTENCING MEMORANDUM |
| DELANTE GLENN, | Hearing date: April 29, 2022 |
| Defendant. | Time: 9:30 a.m. |
| | Courtroom 6, 2nd Floor |

**INTRODUCTION**

Pursuant to Criminal Local Rule 32-5(b), the United States respectfully submits this sentencing memorandum. Defendant will plead guilty on April 29, 2022, to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and will admit to two charges that he violated the terms of his supervised release in connection with the same offense. Sentencing in this matter is scheduled to take place the same day. The United States recommends a sentence of twenty-one months in custody on the new conviction and eight months in custody on the supervised release

violation to be served consecutively, for a total term of 29 months of imprisonment. These recommendations are consistent with the proposed plea agreement, which will be submitted to the Court prior to the change of plea and sentencing. The United States also recommends three years of supervised release on the new conviction, a $100 special assessment, and forfeiture of the firearms and ammunition used in the offenses. This sentence represents the low end of the Guidelines ranges for both the new offense and the supervised release violations, as calculated below.

## FACTS AND PROCEDURAL HISTORY

As described in the presentence report (PSR)[1], on December 7, 2020, Oakland Police Department officers conducting surveillance observed defendant with a what appeared to be a concealed firearm. The officers followed him as he entered a vehicle and drove to a gas station. The officers searched the vehicle and found a loaded firearm under the driver's seat. Defendant was arrested but released on bail the next day.

On December 8, 2020, the same day defendant was released, this Court signed a Petition alleging supervised release violations for the firearm possession and issued a federal arrest warrant. Defendant had previously been convicted before this Court of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), on August 7, 2015. He received a sentence of 24 months in the custody of the Bureau of Prisons and three years of supervised release for that offense. He was serving that term of supervised release at the time of the new violation of 18 U.S.C. § 922(g)(1).

On May 3, 2021, the U.S. Marshals Task Force was conducting surveillance in an attempt to arrest defendant for that outstanding warrant when they observed him exiting a residence and entering a vehicle. The agents approached the vehicle and arrested him without incident. They searched his vehicle and found a Springfield Armory XD .45 caliber firearm with serial number GM417016, loaded with one live round of .45mm ammunition in the chamber, with a magazine containing eleven more rounds.

The Probation Office thereafter filed an Amended Petition alleging the new offenses as violations Six and Seven. Defendant made his initial appearance on May 4, 2021, and has been detained since then pending resolution of the Petition. On December 15, 2021, the United States filed an

---

[1] All references in this memorandum are to the PSR prepared in Case No. CR 21-00399 JST unless otherwise noted.

U.S. SENTENCING MEMORANDUM        2
21-CR-00399 JST; 14-CR-00634 JST

Information charging defendant with one count of violating 18 U.S.C. § 922(g)(1) for the May 3, 2021, offense in which he possessed the loaded Springfield Armory firearm.

## SENTENCING GUIDELINES CALCULATION

The United States agrees with the sentencing guidelines calculations in both the PSR and the April 15, 2022, letter prepared by the probation office regarding his supervised release violations. The United States does not object to the criminal history calculations in both documents. Defendant therefore has a guidelines range of 21 to 27 months for the new offense and 8 to 14 months for the supervised release violations.

## UNITED STATES' SENTENCING RECOMENDATION

The Government respectfully submits that a low end Guidelines sentence of 29 months is an appropriate and reasonable sentence. Pursuant to the Sentencing Reform Act, 18 U.S.C. § 3553, the Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" Section 3553(a)(2), and, in so doing, the Court "shall consider," among other things: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established by the Guidelines; (5) any pertinent policy statement; and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *See* 18 U.S.C. § 3553(a).

As the United States observed the last time defendant was before this Court for sentencing on a charge of being a felon in possession of a firearm, defendant has a troubling history of involvement with firearms and drugs. In 2011, the defendant was among 10 to 12 males walking down Seminary Avenue in Oakland. PSR ¶ 28. He was armed with a .40 caliber semi-automatic pistol loaded with an extended 33-round clip, two spare magazines, a skeleton mask and a ballistics vest. PSR ¶ 28. In 2014 while he

was on probation for the 2011 offense, he was arrested following a traffic stop. Upon searching his vehicle, officers located a semi-automatic pistol loaded with 16 rounds of ammunition, as well as a spare fully-loaded 15-round magazine. In the glove box of the vehicle, officers also found a bottle containing heroin, a 60-gram baggie containing marijuana, 77 small baggies associated with drug packaging, and a digital scale. This incident led to his prior federal conviction. PSR ¶ 29. His first run-in with the law was in 2007, when the defendant was arrested as an 18 year old for possessing a controlled substance. PSR ¶ 26. Failing to learn from the experience, he was arrested twice for new law violations while on probation for that offense, including a 2008 arrest for possession for sale of 11 rocks of crack cocaine. PSR ¶ 33.

Following his release from BOP custody in 2016 for his prior conviction in this Court, defendant failed to report to his probation officer and failed to participate in a program of testing and treatment for drug and alcohol abuse. This Court signed a Petition for Arrest Warrant for Offender Under Supervision but defendant's whereabouts remained unknown. Finally, in June 2018, defendant was arrested for robbery, after which this Court signed an Amended Petition. The Amended Petition alleged that, on June 21, 2018, while on supervised release, defendant attempted an armed robbery of a security guard but gave up when he saw that the victim was armed. The Petition further alleged that, after that first failure, defendant successfully robbed four victims at gunpoint in front of a residence where they were performing construction work. He approached the victims in the driveway and demanded that they give him their wallets and money. He was later arrested and found in possession of a firearm and other items connected to the robberies. This Court revoked defendant's supervised release and sentenced him to twenty-four months of custody followed by a twelve month term of supervised release.

Unfortunately, despite the resources and attention of the federal probation system, defendant has not made much progress. By his continued possession of loaded firearms while under federal supervision, he proves himself a danger to the community and in need of specific deterrence. His present offenses warrant a significant custodial sentence.

In the current PSR, defendant has described a childhood marked by both physical and mental abuse. PSR ¶ 44. When previously sentenced by this Court, he told the probation office that he had a "happy childhood" with no abuse or neglect. *See* PSR in Case No. CR 14-634 JST ¶ 38. Whatever the

truth may be about defendant's upbringing, defendant reports significant current drug addiction. PSR ¶¶ 46, 58-61. As alleged in charges one and three of the current Petition, he has failed multiple drug tests during his supervised release term and failed to report for at least nine tests directed by his probation officer. *See also* PSR ¶ 60. Defendant has also acknowledged that an in-custody program has helped him with substance abuse issues since his arrest. PSR ¶ 61. A significant term of incarceration will enable defendant to fully address his addiction. Defendant also reports mental health concerns and has been diagnosed with PTSD. PSR ¶¶ 46, 53. As alleged in charge two of the current Petition, he has failed to participate in mental health counseling while on supervised release. He does report that counseling while in custody has been helpful. PSR ¶ 55. A significant term of incarceration will also provide defendant the mental health treatment he needs.

## CONCLUSION

The United States respectfully requests that the Court sentence defendant to a term of 29 months in prison (21 months on the new offense and 8 months on the supervised release violation), three years of supervised release on the new offense, a $100 special assessment, and forfeiture of the firearms and ammunition used in the offenses. Such a sentence is appropriate in light of the § 3553(a) factors, and is sufficient, but not greater than necessary, to fulfill the goals of sentencing.

DATED: April 22, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

/s/
MICHELLE J. KANE
Assistant United States Attorney